IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAIRAN CALDERON-BATISTA,<br><br>Petitioner,<br><br>vs.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, KRISTI NOEM, Secretary, U.S. Department of Homeland Security; PAMELA BONDI, U.S. Attorney General; FIELD OFFICE DIRECTOR, Immigration and Customs Enforcement, Enforcement and Removal Operations, Fort Snelling, MN; FIELD OFFICE DIRECTOR, Immigration and Customs Enforcement, Enforcement and Removal Operations, Omaha, NE; and WARDEN, McCook Detention Center,<br><br>Respondents. | 7:26CV5002<br><br>**ORDER TO SHOW CAUSE** |

## I. INTRODUCTION

In this action for habeas corpus relief pursuant to 28 U.S.C. § 2241, Petitioner IRAN Calderon-Batista, an alien who is a national of Cuba, challenges his detention by Immigration and Customs Enforcement (ICE) at the McCook Detention Center in McCook, Nebraska. Filing 1 at 1 (¶ 1), 2 (¶ 6). He alleges that he arrived in the United States in 2001 and later obtained lawful permanent resident status. Filing 1 at 6 (¶¶ 22–23). However, he was ordered removed by the immigration court on May 27, 2019. Filing 1 at 1 (¶ 2). He alleges, "After several months in detention, and after [ICE] having determined Petitioner's removal was no longer foreseeable, ICE released Petitioner sometime on or about on October 30, 2019, on an Order of Supervision Program ('OSUP')." Filing 1 at 2 (¶ 3). He contends that after years of faithfully complying with and

1

reporting under the OSUP program, he was re-detained by ICE on June 27, 2025, and has remined in ICE custody since. Filing 1 at 2 (¶¶ 4–5). He now challenges his re-detention and indefinite detention as a violation of the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act (INA). Filing 1 at 2 (¶ 6). He therefore requests the following relief:

> [T]hat this Court issue a writ of habeas corpus and order Petitioner's release from custody, with appropriate conditions of supervision if necessary. In the alternative, Petitioner requests that this Court conduct or order an immigration judge to conduct a bond hearing at which (1) the government bears the burden of proving flight risk and dangerousness by clear and convincing evidence and (2) the reviewing court considers alternatives to detention that could mitigate risk of flight.

Filing 1 at 2 (¶ 6). Calderon-Bastista argues that continued detention under these circumstances serves no legitimate governmental purpose and violates the humanitarian and constitutional principles that govern civil immigration custody. Filing 1 at 2 (¶ 6).

More specifically, Calderon-Batista asserts three causes of action. In Count 1, he asserts violation of the INA, based on allegations that his "continued detention by Respondents is unlawful and contravenes 8 U.S.C. § 1231(a)(6) as interpreted by the U.S. Supreme Court in *Zadvydas [v. Davis*, 533 U.S. 678 (2001)]." Filing 1 at 12–13 (¶ 48). In Count 2, he asserts violation of Substantive Due Process, based on allegations that continued detention deprives him of a core liberty interest in freedom from bodily restraint, and,

> In total, ICE has had over 14-months to effectuate Petitioner's removal. Since being re-detained on June 27, 2025, Petitioner has been detained for 217 days, i.e., 7-months. There is no significant likelihood of his removal in the reasonably foreseeable future. Nor have any other facts or circumstances changed for Petitioner that would change Respondents' assessment of his risk of flight or his danger to the community.

Filing 1 at 13–14 (¶¶ 49, 51). In Count 3, he asserts violation of procedural due process, based on allegations that he has been denied a timely and meaningful opportunity to demonstrate that he should not be detained before a neutral decisionmaker and that there is no administrative

2

mechanism in place for him to demand a decision or to appeal the custody decision. Filing 1 at 15–115 (¶ 52).

Calderon-Batista requests that this Court:

a)  Accept jurisdiction of the matter;

b)  Order that Petitioner shall not be transferred outside this court's jurisdiction while this habeas petition is pending;

c)  Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

d)  Issue a Writ of Habeas Corpus requiring that Respondents release Petitioner or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days;

e)  Declare that Petitioner's detention is unlawful; and

f)  Grant any other and further relief that this Court deems just and proper.

Filing 1 at 16 (Request for Relief).

Although Calderon-Batista has filed no proof of service on any Respondent and has filed no Motion for an Order to Show Cause pursuant to 28 U.S.C. § 2243, the Court concludes that it should now enter an Order to Show Cause.

## II. LEGAL ANALYSIS

As the United States Supreme Court explained, "In enacting the present Title 28 of the United States Code [in 1948], Congress largely recodified the federal courts' pre-existing habeas authority in §§ 2241 and 2243, which, respectively, confer the power to grant the writ and direct the issuing court to 'dispose of the matter as law and justice require.'" *Jones v. Hendrix*, 599 U.S. 465, 473 (2023) (quoting 62 Stat 869, 964–65). As to habeas relief, "a habeas court is 'not bound in every case' to issue the writ." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (quoting *Ex parte Royall*, 117 U.S. 241, 251 (1886)). Instead, "[t]he habeas statute provides only that a writ of habeas corpus "*may* be granted." *Id.* (quoting 28 U.S.C. § 2241(a), with emphasis added by the Supreme Court).

> As to the applicable procedure for habeas actions, § 2243 provides as follows:
>
> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.
>
> The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.
>
> When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.
>
> Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.
>
> The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.
>
> The return and all suggestions made against it may be amended, by leave of court, before or after being filed.
>
> The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

28 U.S.C. § 2243. Thus, "[u]nder 28 U.S.C. § 2243, '[a] court, justice or judge entertaining an application for a writ of habeas corpus' must schedule a hearing on the matter unless it is clear from the application that a petitioner is not entitled to relief." *Crayton v. United States*, 27 F.4th 652, 656 (8th Cir. 2022).

This Court concludes that it is not clear from Calderon-Batista's Petition that he is not entitled to relief. *Id.*; 28 U.S.C. § 2243 (stating that the court must grant habeas relief or hold a show-cause hearing "unless it appears from the application that the applicant or person detained is not entitled thereto."). On the other hand, the Court declines to "forthwith award the writ" based on no more than Calderon-Batista's allegations. 28 U.S.C. § 2243. Instead, the Court concludes

4

that the proper course in this case is to "issue an order directing the respondent to show cause why the writ should not be granted." *Id*.

Section 2243 sets out certain times for Respondents' "return" of the order to show cause and the setting of a hearing. *Id*. While the Court will set a deadline for Respondents to "make a return certifying the true cause of the detention," the time for Respondent to do so will not begin to run until Respondents are served with Calderon-Batista's Petition and this Order to Show Cause. The Court finds good cause, based on the circumstances and allegations presented, to allow Calderon-Batista the opportunity for a written reply after Respondents make their return but before the show-cause hearing. *Id*. (stating, "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed."). Because the deadlines for Respondents' return and Calderon-Batista's reply depend upon service of the Respondents, the Court will not set a date and time for the show-cause hearing at this time.

Accordingly,

IT IS ORDERED that

1. Petitioner Calderon-Batista shall serve his Petition and a copy of this Order to Show Cause on Respondents without delay and shall file proof of such service with the Court within twenty-four hours of effecting such service;

3. Respondents shall make a return certifying the true cause of Calderon-Batista's detention and why his Petition should not be granted not later than three business days after receipt of service of Calderon-Batista's Petition and this Order to Show Cause;

4. Petitioner Calderon-Batista shall have three business days after Respondents file their return(s) to file any reply.

5. Upon the filing of Calderon-Batista's proof of service of the Petition and this Show Cause Order, the Court will promptly set a hearing on this matter.

5

Dated this 3rd day of February, 2026.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge